UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| MARKEETA GOULD, | ) CASE NO. 08-60828 |
| | ) |
| Debtor. | ) JUDGE RUSS KENDIG |
| | ) |
| | ) |
| | ) **MEMORANDUM OF OPINION** |
| | ) **(NOT INTENDED FOR** |
| | ) **PUBLICATION)** |

     This matter is before the court on Debtor's Application to Proceed *In Forma Pauperis* (hereafter "application") filed on March 21, 2008. Debtor complied with the Court's request for additional information and filed supplementary proof of income on April 21, 2008.

     Following passage of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, debtors are permitted to seek a waiver of the bankruptcy filing fee. Pursuant to 28 U.S.C. § 1930(f), a "bankruptcy court may waive the filing fee . . . if the court determines that such individual has less than 150 percent of the income official poverty line . . . applicable to a family of the size involved and is unable to pay that fee in installments." By the terms of the statute, a court's ability to waive the fee is permissive, not mandatory ("may waive"), and is premised upon a finding that a debtor the qualitative and quantitative standards. *See* In re Stickney, 370 B.R. 31 (Bankr. D. N.H. 2007); In re Burr, 344 B.R. 234 (Bankr. W.D.N.Y. 2006). Looking at the two prongs, the debtor must first demonstrate income less than 150 percent of the official poverty limit and must show an inability to pay the filing fee in installments. *See, e.g.,* Stickney at 36; In re Bradshaw, 349 B.R. 511 (Bankr. E.D. Tenn. 2006). Debtor carries the burden of proof on the elements and must establish both prongs by a preponderance of the evidence. In re Machia, 360 B.R. 416 (Bankr. D. Vt. 2007) Burr, 344 B.R. 234; In re Lineberry, 344 B.R. 487 (Bankr. W.D. Va. 2006). The court makes the determination to approve or deny an in forma pauperis application based on a totality of the circumstances. *See* Stickney, 370 B.R. 31; In re Robinson, 2007 WL 3498296 (Bankr. S.D. Ga. 2006) (not reported); Bradshaw, 349 B.R. 511; Machia, 360 B.R. 416.

     According to the Department of Health and Human Services 2008 Poverty Level Guidelines, available at http://aspe.hhs.gov/poverty/08poverty.shtml, the poverty income for a family of four is $21,200.00. At 150 percent of poverty, the poverty income for this family is $31,800.00 annually, or $2,650.00 per month.

     Debtor's income consists of earnings from her employment and social security

disability income received for her son.[1] According to Schedule I, and supported by the supplementary documents, Debtor's monthly income is $2,032.72 per month. However, Schedule I does not take into account Debtor's income tax refund (bolstered by the earned income credit). Debtor filed a copy of her 2007 federal tax return indicating that she received a refund of $6,369.00 for 2007. There is no indication how much she received, if any, from a state income tax refund. Debtor's expenses, as set forth on Schedule J, show a monthly shortfall of $539.28. The expenses are not unreasonable.

Looking at the totality of the facts presented, the court is not persuaded that Debtor does not have the ability to pay the filing fees. She received over $6,000 between January 2007 and the filing of this case on March 21, 2008.[2] This does not include any state refund she may have received. The refund represents over two months expenses. The receipt of a tax refund can impact a court's analysis of an *in forma pauperis* motion. *See, e.g.,* In re Lineberry, 344 B.R. 487 (Bankr. W.D. Va. 2006); Riffe, 2007 WL 1246445 (Bankr. M.D.N.C. 2007) (unpublished). In this case, the Court finds that the tax refund provided Debtor with the means to pay the filing fee. Consequently, the Court **DENIES** the application to proceed *in forma pauperis*.

Debtor shall be permitted to pay the filing fee in installments of $75.00 until the fee is paid in full and may pay the amount in full anytime during the payment plan.[3] The first payment is due on **May 16, 2008**. If paying by mail, Debtor shall send a money order, payable to Clerk, United States Bankruptcy Court, to United States Bankruptcy Court, 201 Cleveland Ave., S.W., Canton, OH 44702. If paying in person, Debtor shall bring either the exact amount of cash or a money order, payable to Clerk, United States Bankruptcy Court, to the Clerk's Office. Failure to pay the filing fee in accordance with this order will result in dismissal of the case.

An order in accordance with this decision shall be issued immediately.



RUSS KENDIG
U.S. BANKRUPTCY JUDGE

---

[1] Schedule I indicates that the social security benefit is $500.00. The support document shows an actual amount of $519.40.

[2] According to the schedules, at most, $100.00 of the refund remains. Debtor disclosed $100.00 in cash; no bank accounts were listed on Schedule B.

[3] The payment schedule is as follows:
| | |
|---|---|
| May 16, 2008: | $75.00 |
| June 13, 2008: | $75.00 |
| July 18, 2008: | $75.00 |
| August 15, 2008: | $74.00 |

**Service List**:

Markeeta Gould
201 Western Ave
Mansfield, OH 44906

Robert Goldberger
13 Park Ave W
#300
Mansfield, OH 44902

Josiah L Mason
153 W Main St
PO Box 345
Ashland, OH 44805-2219